**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000679**
**28-DEC-2020**
**07:45 AM**
**Dkt. 50 SO**

NO. CAAP-19-0000679

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PAUL H. STERN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTC-19-053119)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Paul H. Stern (**Stern**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), entered by the District Court of the Third Circuit (**District Court**)[1] on September 5, 2019.  After a bench trial, the District Court convicted Stern of Driving Without a License (**DWOL**), in violation of Hawaii Revised Statutes (HRS) § 286-102(b) (Supp. 2018).[2]

_____

[1]  The Honorable Margaret K. Masunaga presided.

[2]  HRS § 286-102 provides, in relevant part:

> (b) A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
>     (1)  Mopeds;
>     (2)  Motorcycles, except for autocycles as described in paragraph (2) of the definition of "motorcycle" in section 286-2, and motor
>
>                                             (continued...)

On appeal, Stern argues (1) the District Court failed to obtain a valid waiver of his constitutional right to testify as required by <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), and (2) there was insufficient evidence to convict him. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we vacate Stern's conviction and remand for a new trial.

(1)    Stern argues that the District Court did not obtain a valid waiver of his right to testify as required by <u>Tachibana</u> because, *inter alia*, it did not conduct an ultimate colloquy after the state presented its case and before Stern waived his right to testify.  We agree.

"The validity of a defendant's waiver of constitutional rights in a criminal case is a question of law under the state and federal constitutions, which we review under the right/wrong standard."  <u>State v. Martin</u>, 146 Hawaiʻi 365, 377, 463 P.3d 1022, 1034 (2020), <u>as corrected</u> (Apr. 23, 2020) <u>reconsideration denied</u>, No. SCWC-14-0001090, 2020 WL 2538923 (May 19, 2020) (citation omitted).  Moreover,

> A defendant's right to testify is violated when the colloquy does not establish an objective basis for finding that the defendant knowingly, intelligently, and voluntarily gave up their right to testify.  Courts look to the totality of the facts and circumstances to determine whether a waiver of the right to testify was voluntarily and intelligently made.

<u>Id.</u> at 379, 463 P.3d at 1036 (citations, quotation marks and brackets omitted).

---

[2](...continued)

> scooters;
> (3)    Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, trucks and vans having a gross vehicle weight rating of eighteen thousand pounds or less, and autocycles as described in paragraph (2) of the definition of "motorcycle" in section 286-2; and
> (4)    All of the motor vehicles in category (3) and any vehicle that is not a commercial motor vehicle.

Here, after the State presented its witnesses, the District Court accepted Stern's waiver of his right to testify without a proper colloquy with Stern as to all of the principles regarding his right to testify and right not to testify as required by <u>Tachibana</u>.  <u>See</u> <u>Martin</u>, 146 Hawaiʻi at 378, 463 P.3d at 1035; <u>Tachibana</u>, 79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7. Specifically, after the State presented its case, the following exchange occurred:

> THE COURT:  . . . So, Mr. Stern, as I mentioned at the beginning of the trial that, . . . I had to do the . . . advisement of rights which we call the . . . "Tachibana colloquy."
>
> THE DEFENDANT:  Mmm-hmm.
>
> THE COURT:  And so I'm going to have to ask you the same questions.
>
> So earlier I had said it's your personal right to testify or not testify, remain silent, and if you have not testified at the end of the trial after the State rests and all evidence other than . . . your testimony is received I have to question you . . . again . . . relating to whether you want to . . . testify or not testify.
>
> So, Mr. Stern, have you decided whether you want to testify or not testify?
>
> THE DEFENDANT:  No.
>
> THE COURT:  Or do you wanna take a recess and talk to your attorney Mr. Sylva regarding . . . your decision or before you make a decision?
>
> (The defendant and his counsel held a discussion off the record.)
>
> [DEFENSE COUNSEL]:  And, Your Honor, I believe, . . . Mr. Stern is ready to proceed with, uh, answering the Court's question.  Stand up for the judge.
>
> THE DEFENDANT:  Okay, . . .
>
> THE COURT:  Okay.
>
> THE DEFENDANT:  I am not gonna testify.
>
> THE COURT:  Pardon?
>
> THE DEFENDANT:  I will not testify.
>
> THE COURT:  You will not be testifying?
>
> THE DEFENDANT:  Yes, ma'am.  Or, yes, Your Honor.

3

> THE COURT:  Okay.  So the Court finds defendant knowingly, voluntarily, intelligently waived his right to testify and will not testify and will remain silent, and the Court will not hold his silence against him.

The State contends the District Court's pretrial colloquy satisfied Tachibana.  However, in the pretrial colloquy, the District Court stated at the end that "later on I'm gonna ask you these same questions[,]" but the ultimate colloquy did not ask the same, pertinent questions or involve a true colloquy. Given the circumstances of this case, we cannot say that the pretrial colloquy established that Stern thereafter knowingly, intelligently, and voluntarily waived his right to testify.  See State v. Eduwensuyi, 141 Hawaiʻi 328, 335, 409 P.3d 732, 739 (2018) (holding that the pretrial advisement in that case did not serve as a substitute for deficiencies in the ultimate colloquy); State v. Preza Haynes, No. CAAP-18-0000719, 2019 WL 4751539, at *2-4, 145 Hawaiʻi 145, 449 P.3d 746 (App. Sept. 30, 2019) (SDO). Also, although the State argues that Stern conferred with his counsel, "a court may not rely upon an off-the-record discussion between counsel and a defendant to establish a valid waiver of a constitutional right[.]"  Eduwensuyi, 141 Hawaiʻi at 336, 409 P.3d at 740.

Accordingly, we conclude the District Court did not obtain a valid waiver from Stern of his right to testify.[3]  We further conclude that the District Court's error was not harmless beyond a reasonable doubt.  See Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt"); State v. Hoang, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the

---

[3]  In light of our conclusion, we need not address Stern's other claims that the District Court violated Tachibana.

defendant's constitutional right to testify had on the outcome of any particular case").  We therefore vacate Stern's DWOL conviction.

(2)  Stern argues there was insufficient evidence to support his conviction because the State did not prove that the vehicle he was operating on the date of the incident was a moped, as defined in HRS § 286-2 (2007).[4]  At trial, the citing officer testified several times that Stern was operating a "moped." Stern did not object to, or move to preclude, the officer's testimony as to the type of vehicle that Stern operated.  The District Court was thus entitled to consider the officer's testimony that the vehicle Stern operated was a moped.  See State v. Samuel, 74 Haw. 141, 147, 838 P.2d 1374, 1378 (1992) ("The general rule is that evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute grounds for reversal.") (citation omitted). On this record, and viewing the evidence in the strongest light for the prosecution, see State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010), there was substantial evidence that Stern was operating a moped.  We therefore reject Stern's contention that there was insufficient evidence to support his conviction.

---

[4]  HRS § 286-2 provides:

"Moped" means a device upon which a person may ride which has two or three wheels in contact with the ground, a motor having a maximum power output capability measured at the motor output shaft, in accordance with the Society of Automotive Engineers standards, of two horsepower (one thousand four hundred ninety-two watts) or less and, if it is a combustion engine, a maximum piston or rotor displacement of 3.05 cubic inches (fifty cubic centimeters) and which will propel the moped, unassisted, on a level surface at a maximum speed no greater than thirty miles per hour; and a direct or automatic power drive system which requires no clutch or gear shift operation by the moped driver after the drive system is engaged with the power unit.

Therefore, IT IS HEREBY ORDERED that the Judgment entered by the District Court on September 5, 2019, is vacated, and the case is remanded to the District Court for a new trial.

DATED:  Honolulu, Hawaiʻi, December 28, 2020.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge